43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ruby D. HAYES, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-7077.
 United States Court of Appeals, Tenth Circuit.
 Dec. 13, 1994.
 
 Before SEYMOUR, Chief Judge, MCKAY, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ruby Hayes appeals the denial of her application for supplemental security income under the Social Security Act. Mrs. Hayes alleges that she is disabled due primarily to hydradenitis suppurative, a recurring inflammation of the sweat glands which results in skin lesions that produce discomfort and an offensive odor. She also complains of severe leg problems which cause swelling, weakness and pain. Mrs. Hayes had a hearing before an ALJ, who determined that she was not disabled because she had the ability to perform sedentary work. After she unsuccessfully requested review of the ALJ's decision by the Appeals Council, she brought this action for judicial review pursuant to 42 U.S.C. 405(g). The case was referred to a magistrate judge, who reviewed the record and determined that the administrative ruling was supported by substantial evidence. On appeal, Mrs. Hayes argues that the administrative decision was not based on substantial evidence, that the ALJ improperly formulated the hypothetical question he asked the vocational expert, and that the ALJ erred in relying on the grids. We affirm.
 
 
 3
 Mrs. Hayes contends that she is disabled because her skin condition meets or exceeds listing 8.06 for hydradenitis suppurative in the Listing of Impairments set out in 20 C.F.R. Part 404, subpt. P, app. 1, 8.06. An impairment that is listed in appendix 1 and meets the durational requirement establishes disability without regard to age, education, and work experience. See 20 C.F.R. 404.1520(d). Skin lesions will result in a finding of disability under appendix 1
 
 
 4
 if they involve extensive body areas or critical areas such as the hands or feet and become resistant to treatment. These lesions must be shown to have persisted for a sufficient period of time despite therapy for a reasonable presumption to be made that a marked impairment will last for a continuous period of at least 12 months.
 
 
 5
 20 C.F.R. Part 404, subpt. P, appendix 1, 8.00A.
 
 
 6
 The ALJ found that Mrs. Hayes' skin condition did not meet listing 8.06 because, inter alia, it was controlled by medication and because the medical records of her most recent examinations and treatment did not show the presence of lesions. We must accept these findings if they are supported by substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). Although the evidence here is not uncontroverted, it is sufficient to support the ALJ's determination that listing 8.06 is not met because the lesions did not persist long enough and were not extensive enough to warrant a presumption that they produced a marked impairment lasting continuously for twelve months. "We cannot reweigh the evidence or substitute our judgment for that of the Secretary." Id.
 
 
 7
 Mrs. Hayes also argues that the ALJ erred in evaluating her claim by resort to the medical-vocational guidelines (the grids) set out in 20 C.F.R. Part 404, subpt. P, app. 2. The grids establish disability by reference to vocational factors in combination with the claimant's residual functional capacity to perform various physical levels of work. See id. 200.00(a). Resort to the grids is not appropriate when the claimant cannot perform the full range of work required by a particular category, does not have the physical capacity to perform most of the jobs in that range, or has a nonexertional limitation such as a skin condition or pain. See Hargis, 945 F.2d at 1490.
 
 
 8
 Mrs. Hayes contends that her skin condition prevents her from performing the full range of sedentary work because the abscesses are "unsightly, uncomfortable and present[ ] a problem with her working with others because of the odor." Brief of Aplt. at 21. However, the ALJ determined that Mrs. Hayes' impairments did not prevent her from performing the full range of sedentary work, and that determination is supported by the evidence set out above supporting the finding that her skin disease was controllable and had not manifested itself in recent medical examinations. The record also reveals that Mrs. Hayes attended vocational training classes and/or GED classes five days a week. Accordingly, the ALJ could properly evaluate her claim under the grids.
 
 
 9
 Finally, Mrs. Hayes asserts that the ALJ asked the vocational expert an improper hypothetical question and then relied on the answer in denying her claim. " '[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.' " Hargis, 945 F.2d at 1492 (quoting Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir.1990)). Mrs. Hayes contends that the hypothetical question here was improper because it did not ask the vocational expert to take into account the nonexertional impairments arising from her skin problems and pain. However, the ALJ found that Mrs. Hayes' skin condition and pain did not limit her ability to perform the full range of sedentary work and those findings are supported by sufficient evidence. Accordingly, the ALJ did not err in failing to include these factors in the hypothetical question.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470